## SIPE *v.* FINARTY.

A promissory note, with a proviso as follows: "Provided that John C. Fremont has not a majority of six thousand votes at the ensuing elec-

tion, in the State of Iowa," is void under section 2724 of the Code. In order to sustain an action on such a note, the plaintiff cannot show that it was given for a full and valuable consideration.

*Appeal from the Marion District Court.*

TUESDAY, JUNE 22.

The defendant gave the plaintiff a promissory note of the following tenor : " On or before the first of December next, I promise to pay Jacob Sipe, or bearer, the sum of forty dollars, for value received ; Provided, that John C. Fremont has not a majority of six thousand votes at the ensuing election, in the State of Iowa;" which note was dated October 18, 1856.   In an action brought on the note before a justice of the peace, the defendant pleaded orally, that Fremont did have a majority of six thousand votes, at the said election, and therefore the note became void. The plaintiff recovered, and the defendant appealed to the district court.   In that court, when the plaintiff offered the note in evidence, the defendant objected, and the court sustained the objection, and refused to admit it in evidence. The plaintiff then offered testimony to show, that the note was given for a full and valuable consideration.   This being objected to, the objection was sustained.   The plaintiff appeals.

*George May*, for the appellant.

*Samuel A Rice*, for the appellee.

WOODWARD, J.—At common law, gaming, unaccompanied by fraud, is lawful.   But by a statute of this State, gaming and betting are expressly prohibited.   Code, section 2724.   And all promises and contracts, when any part of the consideration is money, or any valuable thing, won or lost on any game or wager, are absolutely void.   In this case, the plaintiff seeks to recover upon a note, which, we

are clearly of the opinion is a betting transaction, and void. If the plaintiff claims to recover the value of the property delivered, he cannot do it in an action on the note, but must resort to an action for that specifically— granting that he can so recover, which we do not determine.

The judgment is affirmed.